UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JBRI CONSTRUCTION SERVICES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H- 20-2570 |
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion for summary judgment filed by plaintiff JBRI Construction Services, LLC ("JBRI") (Dkt. 9); and (2) a motion for summary judgment filed by defendant Great American Insurance Company (GAIC") (Dkt. 8). After considering the motions, related briefing, record evidence, and the applicable law, the court is of the opinion that JBRI's motion should be DENIED and GAIC's motion should be GRANTED.

**I. BACKGROUND**

This is an insurance case. JBRI purchased a commercial insurance policy from GAIC (policy number IMP E487280) for the policy period of June 28, 2019, through June 28, 2020 (the "Policy"). Dkt. 8, Ex. A (the Policy); Dkt. 10 (first amended complaint). JBRI contends that on March 12, 2020, it removed the ignition keys from a 2014 Kubota Mini-Loader (the "Mini-Loader") and placed the vehicle within a locked security fence, and the keys remained in the possession of an authorized person. Dkt. 10. However, the Mini-Loader was stolen. *Id.* JBRI filed an incident report and provided all relevant information to GAIC to make an insurance claim for the stolen Mini-Loader. *Id.* On May 1, 2020, GAIC denied the claim because it determined that JBRI did not comply with the anti-theft precautions required by the Policy. *Id.*

On June 24, 2020, JBRI filed a lawsuit against GAIC in the 165th District Court of Harris County, Texas. Dkt. 1, Ex. C. It alleged that GAIC breached the insurance contract, breached the duty of good faith and fair dealing, and failed to attempt to effectuate a prompt, fair, and equitable settlement of JBRI's insurance claim in violation of the Texas Insurance Code. *Id.* GAIC removed the case to this court on July 22, 2020. Dkt. 1. Both parties moved for summary judgment on December 23, 2020. Dkts. 8, 9. JBRI filed a first amended complaint on December 29, 2020, and GAIC filed an amended answer on January 11, 2021. Dkts. 10, 12. The motions for summary judgment are now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

All of JBRI's claims hinge on an interpretation of the Contractors Equipment Security Requirements and Restricted Theft Coverage Endorsement (the "Security Endorsement") of the Policy. Under the Security Endorsement, GAIC would not pay for "'loss' caused by theft of

Covered Property unless at the time of the 'loss' it is 'attended' or [JBRI had] complied with the following required anti-theft precaution(s) when it is not 'attended':"

> ( X ) Ignition keys are removed from the equipment, and the keys are in a locked enclosure under the control of an authorized person or the keys are in the physical possession of an authorized person.
>
> ( X ) Equipment is immobilized by removal of a part of the equipment that renders it incapable of moving under its own power or the addition of a security device designed to keep the equipment in place.

Dkt. 8, Ex. A. Neither party contends that the property was "attended" or disputes that the ignition keys were removed and provided to an authorized person. This issue here is whether JBRI complied with the second requirement for property that was not attended. GAIC asserts that JBRI failed to remove any part of the Mini-Loader that rendered it incapable of moving under its own power and did not attach any security device to the Mini-Loader that was designed to keep it in place. Dkt. 8. JBRI contends that it complied with the plain language of the second requirement because it placed the vehicle behind a locked security gate to keep it in place. Dkt. 9. It argues that the plain language of the Policy is ambiguous as to whether not the "addition of a security device" requires the attachment of a security device, as GAIC argues, and it notes that Texas law requires that this ambiguity be construed against the insurer. *Id.* The court is thus tasked with construing the second requirement in accordance with Texas law.

A.     **Interpretation of Insurance Policies Under Texas Law**

Under Texas Law, insurance policies are interpreted "under the well-established rules of contract construction." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017). "The goal of contract interpretation is to ascertain the parties' true intent as expressed by the plain language they used." *Id.* at 893. "[E]very contract should be interpreted as a whole and in accordance with

3

the plain meaning of its terms," and "no provision is rendered meaningless." *Id.* at 892–93. Terms are assigned "their ordinary and generally accepted meaning unless the contract directs otherwise." *Id.* at 893. "If the language lends itself to a clear and definite legal meaning, the contract is not ambiguous and will be construed as a matter of law." *Id.* Ambiguities arise "only when the contract is actually susceptible to two or more reasonable interpretations." *Id.* (internal quotations omitted). "The fact that the parties disagree about the policy's meaning does not create an ambiguity." *Id.* If an insurance policy is ambiguous, the court must interpret it in favor of the insured. *Nautilus Ins. Co. v. Country Oaks Apts. Ltd.*, 566 F.3d 452, 455 (5th Cir.2009) (citing *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex.2008)).

**B.     Reasonable Interpretation(s)**

Here, the court is tasked with determining if there are two reasonable interpretations of the Policy. GAIC contends JBRI did not comply with the Security Endorsement because it did not attach a security device to the Mini-Loader, and JBRI argues that the Policy does not say it had to *attach* an additional security device, it merely said one needed to be added. Dkt. 9. JBRI asserts that it is reasonable to interpret the clause "addition of a security device designed to keep the equipment in place" as including the addition of a security gate. JBRI argues that interpreting the Security Endorsement to allow for the addition of a security gate or interpreting it to require the attachment of a security device are both reasonable, and the Security Endorsement is therefore ambiguous and should be interpreted in favor of the insured. *Id.*

GAIC asserts that the distinction between *addition* and *attachment* is irrelevant because the main thrust of the requirement is that the equipment be *immobilized*. Dkt. 13. GAIC argues that the plain language of the Security Endorsement required that the Mini-Loader be *immobilized*, and a locked security gate does not satisfy that condition because it does not render the equipment

4

immobile and is also not an addition of a security device designed to keep the equipment in place. Dkt. 13. Additionally, GAIC argues that if one reads the definition of "attended" together with the required anti-theft precautions, JBRI's interpretation that adding a security gate is sufficient is not reasonable. Dkt. 14. This definition indicates that if a person is not present and even if there is a locked security gate, the equipment is unattended and the insured must comply with the anti-theft precautions. GAIC contends that it would thus not make sense if one of the anti-theft precautions were simply adding a security gate. *Id.* (citing Dkt. 8, Ex. A at 44-45).

JBRI is correct that the Policy only says a security device must be added; it does not require attachment. However, that is not the only thing the Policy says, and the court must determine if, taking the Policy as a whole, it is reasonable to interpret the unattended theft precautions in the Security Endorsement to mean that adding a locked security gate and taking away the key is enough. The Policy contains the following definition of "attended":

> "Attended" means that the Covered Property:
> (1) is at a jobsite where you or your supervisory employees are physically present, or
> (2) is at a location that is fully fenced and gated (and the gate is locked) and a person, whose duty is to protect the property, is present at the gate or within the fenced perimeter, or
> (3) has a person whose duty is to protect the property in or on the Covered Property or a vehicle that contains the Covered Property.

Dkt. 8, Ex. A at 45. Under subsection (2) of this definition, if there is for instance a gate and no person, the equipment is not attended. The Security Endorsement requires the anti-theft precautions when the insured equipment is not attended. *See* Dkt. 8, Ex. A at 44.

The court agrees with GAIC that JBRI's interpretation that the addition of a security gate satisfies the Security Endorsement's requirement that the equipment be immobilized by "the addition of a security device designed to keep the equipment in place" is not reasonable. First, it

does not make sense because "attended" requires a locked gate *and* a person whose duty is to protect the property, yet JBRI contends that the gate alone should satisfy the immobilization part of the additional security requirements for unattended equipment.  Second, JBRI's interpretation goes against the plain language of the Security Endorsement even without the context provided by the definition of "attended."  According to the Merriam-Webster Dictionary, "immobilize" means "to make immobile: such as (a) to reduce or eliminate motion of (the body or a part) by mechanical means or by strict bed rest (b) to prevent freedom of movement or effective use of [or] (c) to withhold from circulation."  *Immobilize*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/immobilize (last visited Jan. 15, 2021).  The locked security gate may have *limited* mobility by keeping the Mini-Loader from going far, but it did not render the Mini-Loader immobile.  Thus, JBRI's interpretation that adding the gate satisfied this aspect of the Security Endorsement is not reasonable.  Accordingly, there is no ambiguity.  JBRI's addition of a security gate did not satisfy the anti-theft precautions required for equipment that was not attended in the Security Endorsement.  JBRI's motion for summary judgment on the breach of contract claim is thus DENIED, and GAIC's motion for summary judgment on that claim is GRANTED.

**C.     Other Claims**

JBRI also asserts claims for breach of good faith and fair dealing, a violation of the Texas prompt payment of claims statute, and a violation of the Texas Insurance Code, and it seeks attorneys' fees and a declaratory judgment that it complied with the anti-theft provisions of the Policy.  Dkt. 10.  GAIC argues that JBRI's extra-contractual claims fail because the breach of contract claim fails and there is no injury independent of the breach of contract claim.  Dkt. 8.  JBRI agrees that its claims for violation of the prompt payment of claims statute and breach of good faith and fair dealing are contingent on GAIC's liability for breach of the Policy.  Dkt. 11.  It

6

does not address the Texas Insurance Code claim, though that claim appears to be a variation of the prompt payment claim. *See id.*

The court agrees with GAIC that all of JBRI's claims are contingent on JBRI's contention that the Policy was ambiguous and that GAIC should have covered its loss from the theft of the equipment. Accordingly, GAIC's motion for summary judgment in its favor on the remaining claims is GRANTED, and JBRI's motion for summary judgment in its favor on the remaining claims is DENIED.

### IV. CONCLUSION

JBRI's motion for summary judgment is DENIED. GAIC's motion for summary judgment is GRANTED. All of JBRI's claims against GAIC are DISMISSED WITH PREJUDICE. The court will enter a final judgment in favor of GAIC concurrently with this memorandum opinion and order.

Signed at Houston, Texas on January 22, 2021.

Gray H. Miller
Senior United States District Judge